

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

| | |
|---|---|
| *The Nemours Building* | *(302) 573-6277* |
| *1007 Orange Street, Suite 700* | *FAX (302) 573-6220* |
| *P.O. Box 2046* | |
| *Wilmington, Delaware 19899-2046* | |

November 29, 2006

**BY CM/ECF**

Honorable Kent A. Jordan
United States District Court
 for the District of Delaware
844 King Street, Lockbox 10
Wilmington, Delaware  19801

**Re: United States v. Torrence, Cr. A. No. 06-46-01 KAJ**

Dear Judge Jordan:

    Enclosed please find for the Court's consideration a proposed Memorandum of Plea Agreement.

          Respectfully submitted,

          COLM F. CONNOLLY
          United States Attorney

By: *Douglas C. McC*

          Douglas E. McCann
          Assistant United States Attorney

Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 06-46-01 KAJ |
| | ) |
| BRADLEY TORRENCE, a/k/a Tuffy, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its

attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Richard G.

Andrews and Douglas E. McCann, Assistant United States Attorneys for the District of

Delaware, and the defendant, Bradley Torrence, by and through his attorney, Fortunato Perri, Jr.,

Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the

District of Delaware to Counts I, II, III, and IV of the Indictment. Count I charges the defendant

with knowingly conspiring to distribute, and to possess with intent to distribute, more than five

kilograms of cocaine, a controlled substance, in violation of Title 21, United States Code,

Sections 841(a)(1) and (b)(1)(A) and 846. Count II charges him with knowingly possessing, with

intent to distribute, more than five kilograms of cocaine, a controlled substance, in violation of

21 U.S.C. §§ 841(a)(1) & (b)(1)(A). Count III charges him with knowingly possessing, with

intent to distribute, more than five hundred grams of cocaine, a controlled substance, in violation

of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B). Count IV charges him with knowingly engaging in a

financial transaction, to wit, the use of a safe deposit box, to store about $54,000 cash at

Wachovia Bank, a financial institution which is engaged in, and the activities of which affect, interstate commerce, which cash represented the proceeds of some form of unlawful activity, and conducting and attempting to conduct such a transaction which in fact involved the proceeds of specified unlawful activity, to wit, violations of 21 U.S.C. § 841, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the source, and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).  The defendant understands that (1) the maximum penalties for Counts I and II are life imprisonment, of which ten years are minimum-mandatory, a fine of $4,000,000, lifetime supervised release with a minimum of five years of supervised release, and a $100 special assessment; (2) the maximum penalties for Count III are forty years imprisonment, of which five years are minimum-mandatory, a fine of $2,000,000, lifetime supervised release with a minimum of four years of supervised release, and a $100 special assessment; and (3) the maximum penalties for Count IV are twenty years imprisonment, a fine of $500,000, three years of supervised release, and a $100 special assessment.

2.  The defendant understands that if there were a trial, the United States would have to prove beyond a reasonable doubt the elements of the offense to which he is pleading guilty, that is, for Count I: (1) two or more persons conspired, or agreed, to commit the crime of possessing with intent to distribute, or distributing of, five kilograms or more of a mixture and substance containing a detectable amount of cocaine; and (2) that the defendant knowingly and voluntarily joined the conspiracy; for Count II: (1) that on or about March 8, 2006, Shawn Williams possessed with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine; (2) that Shawn Williams and the defendant were members of a conspiracy to distribute cocaine; (3) Shawn Williams' possession with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of

2

cocaine on March 8, 2006, was in furtherance of the conspiracy; and (4) Shawn Williams' possession with intent to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine on March 8, 2006 was reasonably foreseeable; for Count III: (1) on or about March 14, 2006, the defendant possessed with intent to distribute a substance; (2) the substance contained a detectable amount of cocaine; (3) the substance weighed more than five hundred grams; (4) the defendant acted knowingly, that is, he knew that he possessed with intent to distribute a controlled substance; and for Count IV: (1) that the defendant conducted or attempted to conduct a financial transaction, specifically, the use of a safe deposit box of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree; (2) that the financial transaction involved property that represented the proceeds of violations of 21 U.S.C. § 841 (possession with intent to distribute, and distribution of, cocaine); (3) that the defendant knew that the property involved in the financial transaction represented the proceeds from some form of unlawful activity; (4) that the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership or control of the proceeds of violations of 21 U.S.C. § 841 (possession with intent to distribute, and distribution of, cocaine).

3. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). He understands that the final determination of the sentencing guidelines will be up to the sentencing judge. Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

3

The defendant understands that the Court is not bound by a stipulation between the parties, and, if the Court calculates the guidelines differently than he expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

4. The defendant agrees to pay the $400 special assessments the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

5. The defendant agrees to cooperate fully and truthfully with the Government as follows:

a. The defendant agrees to provide truthful, complete and accurate information and testimony. The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b. The defendant agrees to provide all information concerning his knowledge of, and participation in, the subject matter of the Indictment of which he has knowledge, and any other crimes about which he has knowledge. The defendant further understands and agrees that (i) all information and cooperation provided pursuant to this agreement is on the record; and (ii) all information provided under any prior off-the-record proffer letter shall be on the record as of the date of the defendant's entry of a guilty plea.

c. The defendant agrees to provide the government with information concerning any bank accounts in his name or in the name of another in

4

which sums are deposited by or at the direction of the defendant, and information about his state and federal taxes in the last seven years, including his state and federal tax returns. The defendant further agrees to provide all names, aliases and social security numbers presently or previously used by him. Defendant understands that his assets, if any exist, may be subject to civil or criminal forfeiture proceedings.

d.    The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

e.    The defendant agrees to testify truthfully at any Grand Jury, hearing, or trial if called as a witness.

f.    The defendant agrees to hold himself reasonably available for any interviews as the government may require.

g.    The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

h.    The defendant understands that his cooperation shall be provided to any law enforcement agency as requested by counsel for the government.

i.    To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will request that sentencing be postponed until such time as the government agrees that all relevant sentencing information is available.

j.    The defendant agrees that if the government determines that the

defendant has not provided full and truthful cooperation, or has committed

any federal, state, or local crime between the date of this agreement and

his sentencing, or has otherwise violated any other provision of this

agreement, the agreement may be voided by the government and the

defendant shall be subject to prosecution for any federal crime of which

the government has knowledge including, but not limited to, perjury,

obstruction of justice, and the substantive offenses arising from this

investigation. The prosecution may be based on any information provided

by the defendant during the course of his cooperation, and this information

may be used as evidence against him. Moreover, the defendant's

previously entered guilty plea will stand and cannot be withdrawn by him.

6.    If the government in its sole discretion determines that the defendant has

fulfilled his obligations of cooperation as set forth above, at the time of sentencing, the

government will:

a.    Make the nature and extent of the defendant's cooperation known

to the Court.

b.    Make a motion to allow the Court to depart from the Sentencing

Guidelines pursuant to Sentencing Guideline §5K1.1 and/or 18 U.S.C.

§3553(e), only if the government, in its sole discretion, determines that the

defendant has provided substantial and truthful assistance in the

investigation or prosecution of another person who has committed an

offense. The defendant understands that, as of the date of this

Memorandum of Plea Agreement, the government has not yet determined

whether his conduct qualifies for a government motion pursuant to

6

U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e).

       c.      The defendant further understands that the government in its sole discretion will decide whether and how to investigate any information provided by him. The defendant further understands that if he breaches this agreement in any way, including by committing a new crime after the date of this agreement, the government will not file a substantial assistance motion.

       d.      Make whatever sentencing recommendation the government deems appropriate.

7.     The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

8.     The defendant understands that if it is discovered that statements made to the government are untruthful in any material way, this agreement is violated and becomes voidable by the government. Whether any untruth is considered material is a determination that the government will make in its sole discretion.

9.     The defendant agrees to join in any reasonable request of the Government to postpone entry of this guilty plea, or to postpone sentencing. The defendant agrees to join in any motion or other action by the government to exclude time under the Speedy Trial Act.

10.     The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past two years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to

provide and/or consent to the release of the defendant's tax returns for the previous five years.
Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a
value of more than $1000 that, within the last two years, the defendant owned, or in which the
defendant maintained an interest, the ownership of which the defendant fails to disclose to the
United States in accordance with this agreement.

      11.    The defendant agrees to forfeit all interests in any drug-related and money
laundering-related asset that the defendant currently owns, has previously owned or over which
the defendant currently, or has in the past, exercised control, directly or indirectly, and any
property the defendant has transferred, as well as any property that is traceable to, derived from,
fungible with, or a substitute for property that constitutes the proceeds of his offense, including
but not limited to the following specific property:

$54,100 in United States Currency seized from Wachova Safety Deposit Box #04985508A0113;
and 2003 Range Rover VIN number SALME11463A139972, PA tag no. GCK-0592.
Defendant warrants that defendant is the sole owner of all of the property listed above, and agrees
to hold the United States, its agents and employees harmless from any claims whatsoever in
connection with the seizure or forfeiture of property covered by this agreement.

      12.    The defendant further agrees to waive all interest in any such asset in any
administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The
defendant agrees to consent to the entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the
forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and
incorporation of the forfeiture in the judgment. Defendant acknowledges that he/she understands
that the forfeiture of assets is part of the sentence that may be imposed in this case and waives
any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty

8

plea is accepted.

        13.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct and/or property facilitating illegal conduct and/or property involved in illegal conduct giving rise to forfeiture.

        14.    It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all

///

promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
UNITED STATES ATTORNEY

By: _____
Fortunato Perri, Jr., Esquire

Attorney for Defendant

Richard G. Andrews
Douglas E. McCann
Assistant U.S. Attorneys

_____
Bradley Torrence
Defendant

Dated:

**AND NOW**, this ____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE KENT A. JORDAN
UNITED STATES DISTRICT JUDGE

10